IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES,               ) | |
|     *Plaintiff*,             ) | |
| v.                           ) | No. 4:14-CV-00423-BSM |
| ONE ASSORTMENT OF 93         ) | |
|    NFA-REGULATED WEAPONS  ) | |
|     *Defendant*.            ) | |

## MOTION TO JOIN SANDIP SINGH MANN

COMES NOW Randeep Singh Mann, M.D., by John William Simon, Constitutional Advocacy LLC, and moves the Court for its order under Fed. R. Civ. P. 19(a) joining his brother, Cptn. Sandip Singh Mann, as a party in the above-captioned civil action.

In support of the motion, Dr. Mann states and alleges all as follows:

1. On July 22, 2014, the plaintiff filed the above-captioned civil forfeiture action on the premise that the subject private property ("res") was "involved in a violation of 26 U.S.C. § 5861(d) and, therefore . . . subject to forfeiture under 26 U.S.C. § 5872 and 28 U.S.C. § 2461." Doc. No. 1 at 1.

2. Plaintiff's action is predicated on its conviction of Dr. Mann in No. 4:09-CV-00099-BSM, which he challenges as the product of outrageous government misconduct involving the prosecution; ineffective assistance of counsel; and other constitutional violations. Dr. Mann is contesting this conviction on post-conviction relief in No. 4:14-CV-00614-BSM.

3. Dr. Mann does not recognize the legality of any claim by the plaintiff against property in which he has any interest to the extent that the plaintiff's claim grows out of the common scheme or plan by a small coterie of federal employees (and their state and local confederates), including planting of evidence, that has for the time being eventuated in the judgment against Dr. Mann in No. 4:09-CV-00099-BSM—which, in turn, an Arkansas trial judge illegitimately allowed as a substitute for proof in a civil action by Dr. and Mrs. Pierce for the injuries Dr. Pierce suffered at the hands of someone who remains at large because of the preexisting invidious focus on Dr. Mann, and the resulting false conviction of him. *Cf.* Doc. No. 7 at 2. Dr. Mann contends that the plaintiff's purported claim fails on several additional grounds, constitutional and statutory. *See* Doc. Nos. 4 & 11.

4. At the same time, Dr. Mann recognizes that the above-captioned forfeiture action is proceeding forward, and will continue to do so until the judgment in No. 4:09-CV-00099-BSM is finally vacated—if need be, after proceedings in other courts.

5. By contrast, Dr. Mann acknowledges that his brother, Cptn. Sandip Singh Mann, has obtained a lawful judgment in Captain Mann's favor for moneys owing by Dr. Mann to Captain Mann—when the existence and size of the debt is largely the result of the termination of Dr. Mann's medical practice, his incarceration, and his consequent inability to pay his bills as they become due, all of which resulted from the foregoing false charges and other constitutional violations.

6. On May 14, 2014, in the Circuit Court of Pope County, Arkansas, Case No. CV-2014-66, the Hon. Dennis C. Sutterfield entered a judgment in favor of

Captain Mann in the amount of $6,929,269.11.  Unlike the unjust judgment against Dr. Mann in the underlying criminal matter, the pretended forfeiture claims of the plaintiff, and the illegitimate state-law "judgment" parasitic on the criminal judgment, this court order in favor of Captain Mann reflects civil society's orderly allocation of financial responsibility when moneys are honestly due and owing between private individuals.

7. Syphoning off Dr. Mann's 1imited assets to the plaintiff in whose name the initial wrongdoers acted, or to collateral parties derivatively claiming assets under color of the judgment the plaintiff obtained under these circumstances, is prohibited as a fraudulent transfer.  Arkansas Fraudulent Transfer Act, 4 Ark. Code Ann. subtit. 5, ch. 59, subch. 2.  *See also, e.g.*, 11 U.S.C. § 548.

8. It would be all the more fraudulent if a party with a legitimate claim to Dr. Mann's assets were not allowed to assert his interests in them before they are dissipated, for example, by allowing the plaintiff to profit from its own wrong by taking them for resale, or by destroying at least some of them to curry political favor in light of faraway events for which Dr. Mann is in no way responsible, in spite of the Supreme Court's decision in *Henderson v. United States*, 135 S.Ct. 1780 (2015).  *See* Doc. No. 13 at 11 ("*Henderson* may impact the United States' pending request in the criminal case to destroy 15 of Mann's firearms under the All Writs Act, but regardless of the outcome of the motion pending in the criminal case, however, *Henderson* has no impact on this civil forfeiture action").

9. By virtue of his competing interest in the disposition of the res of this action, Captain Mann is a necessary or indispensable party whose presence in the

action is necessary to its just adjudication.  Failure to join him could result in inconsistent judgments or multiple liability in view of his lawful claim to an interest in the res.

  10. Joinder of Captain Mann, a citizen of India, is feasible because he has arranged for representation in this matter by local counsel, Matthew D. Campbell, The Pinnacle Law Firm, 1202 Main Street # 210, Little Rock, Arkansas 72202, who represented him in winning the judgment in the Circuit Court of Pope County.

  WHEREFORE, Dr. Mann prays the Court for its order as aforesaid.

          Respectfully submitted,

         <u>s/John William Simon</u>
         JOHN WILLIAM SIMON
         Constitutional Advocacy, LLC
         7201 Delmar Blvd., Suite 201
         St. Louis, Missouri  63130-4106

         (314) 604-6982
         Fax  (314) 754-9083
         *simonjw1@yahoo.com*

         *Attorney for Dr. Mann in No. 4:14-CV-*
          *00614-BSM*

## Certificate of Service

I hereby certify on this eighteenth day of October 2015, a true and correct copy of the foregoing pleading was tendered for e-filing and consequent service on all counsel of record in the above-captioned civil action, and on:

>Matthew D. Campbell, Esq.
>The Pinnacle Law Firm
>1202 Main Street # 210
>Little Rock, Arkansas  7220
>*matt@pinnaclelawfirm.com*

>>s/John William Simon
>>Attorney for Dr. Mann in No. 4:14-CV-00614-BSM