IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | No. 4:14-CV-00423-BSM |
| ) | |
| ONE ASSORTMENT OF 93 ) | |
|    NFA-REGULATED WEAPONS ) | |
| ) | |
|    *Defendant.* ) | |

**MOTION FOR RECONSIDERATION OF ORDER DENYING
VERIFIED MOTION OF MARCH 12, 2015,
FOR LEAVE TO PROCEED WITH DISCOVERY**

Randeep Singh Mann, M.D., seeks the Court's order reconsidering its former Order (Doc. No. 21) denying his motion to join Captain Sandip S. Mann as a party to this action (Doc. No. 20).  Either the plaintiff's counsel lulled Captain Mann into not filing a claim and answer in September 2014, or this Court's Orders of September 8 and October 22, 2015, have lawlessly extinguished his day in court to pursue the redress he sought by signing the attached verified claim on September 22, 2014.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration of interlocutory orders; but they are a recognized part of federal procedural jurisprudence.  *See, e.g.*, 11 C.A. WRIGHT, A. MILLER & M. KANE, FED. PRAC. & PROC. § 2810.1 at 154 & n.8 (2012).  In the absence of a jury verdict on the question immediately at hand or the final judgment of another court on it, this broader range of decision than under Fed. R. Civ. P. 59 is a function of a court's orientation to time, place, and circumstances:

> Since this Court owes no deference to itself and knows it
> makes mistakes, motions to reconsider will be granted
> and a change made when convinced an error has been
> made, manifest or not.[1]

Because the Court's Order denying Dr. Mann's motion to join Captain Mann in this action is not a final judgment, a motion to alter or amend under Fed. R. Civ. P. 59(e) will not lie.[2] But in a motion for reconsideration of an interlocutory order, a district court may grant relief at least as broad as what the aggrieved party could receive on filing a Rule 59(e) motion from a final judgment as long as the motion is not unreasonably delayed.[3] The power to alter or amend interlocutory judgments is

---

[1] *Vosdingh v. Qwest Dex, Inc.*, No. Civ. 03-4284 ADM/AJB, 2005 WL 1323007, at *1 (D.Minn. June 2, 2005).

[2] *E.g., Bausch & Lomb Inc. v. Moria S.A.*, 222 F.Supp.2d 616, 699 (E.D.Pa. 2002).

[3] *J.D. Fields & Co., Inc. v. U.S. Steel Int'l, Inc.*, 690 F.Supp.2d 487, 510-11 (S.D.Tex. 2009), *aff'd in part, rev'd in part on other grounds*, 426 Fed.Appx. 271, 281 (5th Cir. May 19, 2011) (affirming in part because motion for reconsideration gave district court opportunity to correct errors and aggrieved party opportunity to present evidence). *Ferluga v. Eickhoff*, 236 F.R.D. 546, 548-49 (D.Kan. 2006). *See also, e.g., United States v. J-M Mfg. Co.*, No. 11-CV-01691-MSK-MJW (D. Colo. Jan. 16, 2012)*; Mantle Ranches, Inc. v. U.S. Park Service*, 950 F.Supp. 299, 302 (D. Colo. 1997) (amending preliminary injunction on motion for reconsideration by National Park Service).

one inherent to a court to do justice between the parties.[4]  It is substantively broader than the power to alter or amend judgments under Rule 59(e).[5]

Although the deadline for a motion to alter or amend is not a constraint applying to motions to reconsider,[6] this one is presented within the time allowed for a Rule 59(e) motion, and with the same general purpose: "correcting manifest errors of law or fact or to present newly discovered evidence."[7] All are appropriate functions of such motions:

> Rule 59(e) motions serve a limited function of correcting " 'manifest errors of law or fact or to present newly discovered evidence.' "[8]

A Rule 59(e) motion may be used to raise issues that are "not . . . wholly collateral to judgment in main cause of action."[9]  On a motion to alter or amend, a

---

[4]*National Business Brokers v. Jim Williamson*, 115 F.Supp.2d 1250, 1255-56 (D. Colo. 2000) (collecting cases).

[5]*Id.*, *citing Laird v. Stilwill*, 982 F.Supp. 1345, 1353-55 (N.D. Iowa 1997) (Bennett, J.) (collecting cases).  Accord, *Vosdingh v. Qwest Dex, Inc.*, *supra*.

[6]*E.g.*, *Swisher v. United States*, 262 F.Supp.2d 1203, 1207 (D.Kan. 2003).

[7]*United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (internal quotation and citation omitted).

[8]*Innovative Home Health Care, Inc. v. P.T.O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998), *citing Hagerman v. Yukon Energy Corp.*, 839 F.2d 407,] 414 [(8th Cir.), *cert. denied*, 488 U.S. 820 (1988)] (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.), *as amended*, 835 F.2d 710 (7th Cir. 1987)).

[9]*Reyher v. Champion Intern. Corp.*, 975 F.2d 483, 488 (8th Cir. 1992) (holding motion untimely under former 10-day time limitation, subsequently changed to 28). *See also, e.g., Wannall v. Honeywell Intern., Inc.*, 292 F.R.D. 26 (D.D.C. 2013), *aff'd*,

court may set aside an entire judgment.[10] It may in effect change the judgment in a case when the law and the facts so indicate.[11] Such a decision may well involve the application of facts to law rather than the consideration of errors of one in isolation from the other.[12]

A motion to alter or amend judgment is appropriate in cases where the deciding court has based an order on factual error.[13] It is one appropriate vehicle to seek relief when "improper actions of counsel[] have affected the outcome of the case."[14]

---

775 F.3d 425 (D.C. Cir. 2014) (brake manufacturer's motion for reconsideration of interlocutory order denying its motion for summary judgment in products liability action brought by representative for amateur automobile mechanic's estate, alleging that mechanic's lung cancer was caused by exposure to asbestos contained in manufacturer's brakes, was not subject to rule requiring that a motion to alter or amend a judgment be filed no later than 28 days after entry of judgment; but allowing as even if it were, there had been a significant change in law warranting reconsideration).

[10]*Sanders v. Clemco Industries*, 862 F.2d 161, 168 n.13 (8th Cir. 1988), *citing A.D. Weiss Lithograph Co. v. Illinois Adhesive Prods. Co.*, 705 F.2d 249, 250 (7th Cir. 1983); C.A. WRIGHT & A. MILLER, FED. PRAC. & PROC. § 2817, at 111 n. 31 (1973).

[11]*Structural Polymer Group, Ltd. v. Zoltek Corp.,* 543 F.3d 987, 1000 (8th Cir. 2008).

[12]*E.g., Bowers v. Andrew Weir Shipping, Ltd.*, 817 F.Supp 4, 4-6 (S.D.N.Y. 1993), *aff'd,* 27 F.3d 800 (2d Cir. 1994).

[13]*E.g., Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996).

[14]*Dale and Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F.Supp. 1346, 1347-48 (D. Minn. 1993), *quoting Adams v. James,* 526 F.Supp. 80, 86 (M.D.Ala. 1981), quoting in turn *Davis v. Mathews,* 450 F.Supp. 308, 318 (E.D.Cal.

A motion for reconsideration based on errors of law should be analyzed as motion to alter or amend judgment rather than as motion for relief from judgment.[15] A motion to reconsider may be assimilated to either a Rule 59(e) motion or a Rule 60(b) motion, with the classification generally depending on whether it is filed within the time limitation for a Rule 59(e) motion.[16] Indeed, even a motion for leave to amend a complaint will be deemed a Rule 59(e) motion for purposes of tolling the time to appeal when it is filed within the time limitation for a Rule 59(e) motion.[17] When it grieves that the movant was precluded from presenting his or her case fully and fairly, it need not demonstrate that the movant would have prevailed but for the interference.[18]

In Doc. No. 21, this Court denied Dr. Mann's motion under Doc. No. 20 to join Captain Sandip S. Mann (who happens to be his brother) in preventing the plaintiff from destroying or taking certain property, but instead seeking a share of the

---

1978).  *See also* 11 C. WRIGHT, A. MILLER & M. KANE, FED. PRAC. & PROC. § 2810.1 at 162 & n.19 (2012).

[15]*Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir.), *cert. denied*, 555 U.S. 953 (2008).

[16]*E.g.*, *Hodge v. Burlington Northern & Santa Fe Ry. Co.*, 461 F. Supp. 2d 1044 (E.D. Mo. 2006). *To the same effect see, e.g., GHSC Associates Ltd Partnership v. Wal-Mart Stores, Inc.*, 29 Fed. Appx. 382 (7th Cir. 2002); *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

[17]*Quartana v. Utterback*, 789 F.2d 1297 (8th Cir. 1986).

[18]*Morgan v. Ponder*, 124 F.R.D. 205, 206-07 (E.D. Mo. 1898).

property or of the proceeds of the sale thereof. The Court relied on procedures under the Supplemental Rules for Certain Admiralty and Maritime Crimes." 18 U.S.C. § 983(a)(4)(A) and particularly Fed. R. Civ. P., Supp. R. G(1).

Captain Mann had retained independent counsel in Arkansas and on May 14, 2014, obtained a judgment against Dr. Mann not for some injury inflicted against him by Dr. Mann but for moneys owed that Dr. Mann was unable to repay as a result of misconduct of the plaintiff. Captain Mann is a citizen of India—and as a result of actions of the plaintiff—a resident of India.

After obtaining this judgment, on September 17, 2014, Captain Mann's counsel approached counsel for the plaintiffs in this matter. On September 17 or 18, 2014, the plaintiff's counsel told him that it was not ripe for a person in Captain Mann's position to file a claim and answer under Fed. R. Civ. P., Supp. R. G(1); plaintiff's counsel—with apparent and at least asserted authority speak on behalf of "the United States"—told him that *he (plaintiff's counsel) would tell Captain Mann's counsel when the window for filing on Captain Mann's behalf would commence*. Exhibit 1.

Accordingly, Captain Mann's counsel provided Captain Mann claim forms for him to sign before a notary public, which Captain Mann did on September 22, 2014, and forwarded to his counsel for filing with answers once the plaintiff's counsel informed him that the time for filing had arrived. Exhibit 2.

On September 8 and 9, 2015 (Doc. Nos. 16 & 17 respectively), the Court issued scheduling orders in No. 14-CV-00134 and in this matter setting October 19, 2015, as a deadline for joining parties. As of October 18, 2015, plaintiff's counsel

had not told Captain Mann's counsel that the time was ripe for filing a claim under Fed. R. Civ. P., Supp. R. G(1). In recognition of the honest judgment that his brother had obtained without fault on either end, Dr. Mann sought leave to join his brother for the purpose of avoiding the extinguishment of Captain Mann's legitimate interest in the res or in the proceeds of any sale of the res, and in any event to prevent the waste of assets that its destruction would entail.

As Exhibit 2 demonstrates, Captain Mann and his counsel were cognizant of the need to file a claim. If Captain Mann should have filed the claim and answer in this case and in No. 14-CV-00134 earlier, then the plaintiff's counsel lulled Captain Mann's counsel into not filing the claims duly signed before a notary public with an answer prepared by his counsel. If the plaintiff's counsel was correct in telling Captain Mann's counsel that the filing of the verified claim and answer would be premature at the time counsel tendered them, then the Court's scheduling order was legally and equitably unfounded, and would cut off Captain Mann's legal and equitable rights to protect the res and to a share of the res or its proceeds.

A motion to reconsider is an appropriate vehicle for seeking redress when when "improper actions of counsel[] have affected the outcome of the case."[19] The duty to purge the outcome of the ill-effects of such actions is far greater than in the ordinary case when the counsel lulling a party with a good-faith claim to relief from asserting his or her rights is acting in the name of the sovereign in dealing with a citizen of another large democracy and nuclear power—where the reputation of the

---

[19] *See n.14, supra.*

United States for fair dealing has ramifications well beyond event those in dealing with one of its own citizens.  Counsel for the plaintiff in this action was not known to have been involved in the police-prosecution confederacy that prosecuted and convicted Dr. Mann by means that are hotly contested in No. 14-CV-00614-BSM, and Captain Mann and his independent counsel had a right to rely on the plaintiff's counsel's honesty—which they do not to this day deny.  If the plaintiff's counsel was correct, however, then the deadline for adding parties in Doc. No. 17 would pretermit Captain Mann's right to a day in court on his interest in the res.

In either event, denial of the motion for joinder should be vacated.  Either Captain Mann was lulled by a duly appointed and acting attorney for the plaintiff United States, or his opportunity to seek the redress he sought by retaining Arkansas counsel for this matter and signing the verified claim on September 22, 2014, has been lawlessly extinguished.

WHEREFORE, Dr. Mann prays the Court for its order reconsidering Doc. No. 21, and either granting the motion for leave to join Captain Mann as a party (Doc. No. 20) or vacating the portion of Doc. No. 17 that would preclude him from joining the action if the plaintiff's counsel was correct that under Fed. R. Civ. P., Supp. R. G(1) he could not do so earlier; and for such other and further relief as law (including principles of legal ethics recognized by court rule as authoritatively construed) and justice indicates.

Respectfully submitted,

s/John William Simon
JOHN WILLIAM SIMON
Constitutional Advocacy, LLC
7201 Delmar Blvd., Suite 201
St. Louis, Missouri 63130-4106

(314) 604-6982
Fax (314) 754-9083
*simonjw1@yahoo.com*

*Attorney for Movant/Petitioner*

### Certificate of Service

I hereby certify on this thirtieth day of October 2015, a true and correct copy of the foregoing was tendered for e-filing and consequent service on all counsel of record.

s/John William Simon
Attorney for Dr. Mann