UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA					PLAINTIFF

v.					CASE NO. 4:14CV00423 BSM

ONE ASSORTMENT OF
93 NFA-REGULATED WEAPONS					DEFENDANTS

### THE UNITED STATES OF AMERICA'S RESPONSE TO RANDEEP MANN'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING HIS MOTION TO JOIN SANDIP S. MANN AS A PARTY TO THIS ACTION

The United States of America, by Christopher R. Thyer, United States Attorney for the Eastern District of Arkansas, and Assistant U.S. Attorney Cameron C. McCree, opposes Randeep Mann's motion for reconsideration of the order denying his motion to join Sandip S. Mann as a party to this action and in support of this response states:

1.	Randeep Mann's original motion was procedurally improper. The United States agrees with the Court's analysis that the process to join a civil forfeiture action is set forth in Rule G of the Supplemental Rules; joinder under Rule 19 is not appropriate. Any third party who purportedly has an interest must either seek to intervene or risk having its interest extinguished by default. *See United States v. $5,565.00 in U.S. Currency*, No. 09CV02212, 2010 WL 4256211, *2 (D. Colo. Sept. 20, 2011) (a civil forfeiture is an *in rem* action between the United States and property; to intervene and contest the forfeiture, a third party must file a verified claim); *United States v. United States Currency in the Amount of $13,000.00*, No. 12CV00811, 2012 WL 5422316 (W.D. Mo. Nov. 6, 2012) (default judgment is appropriate where no party enters an appearance during the time provided by law).

2.     The United States did not send Sandip Mann direct notice of this action;[1] accordingly, his deadline to appear and challenge the forfeiture would be "no later than 60 days after the first day of publication on an official internet government forfeiture site[.]"  Fed. R. Civ. P. Supp. R. G(5)(a)(ii)(B).  The United States started publication of notice on October 9, 2014, *see* Advertisement Certification Report, Exhibit 1; therefore, Sandip Mann only had until December 8, 2014 to file his claim.  *See United States v. 47 West Oakview Road*, No. 1:10CV88, 2011 WL 304972, *1 (W.D.N.C. Jan. 28, 2011) (extinguishing the interests of unknown third parties based on the publication of forfeiture on government website).  Sandip Mann did not file his claim before the December 2014 deadline; his claim is now time barred.

3.     The Court has discretion to forgive Sandip Mann's procedural failings if Sandip Mann shows that his failings were the result of excusable neglect.  *See, e.g., United States v. 6449 East Ferry*, No. 06CV0134, 2006 WL 3097387, *5 (N.D. Okla. Oct. 30, 2006).  Sandip Mann cannot meet this burden.  First, Sandip Mann has yet to appear and ask for permission to file a claim out of time; rather, his brother is asking for him.  As discussed above, this is procedurally improper.  Further, the United States denies that Sandip Mann's procedural failings are the result of any attempt to mislead Sandip Mann or his counsel.  After a diligent review of email and notes, the undersigned counsel has not uncovered a detailed record of the September 2014 conversation with counsel for Sandip Mann.  However, to the best of counsel's recollection, counsel for the United States did not encourage Sandip Mann to wait until a later

---

[1] Sandip Mann was not sent direct notice because based on the facts known to the United States, Sandip Mann did not reasonably appear to the United States to be a potential claimant. *United States v. 7501 N.W. 210th Street*, 437 Fed. Appx. 754, 759 (10th Cir. 2011) (agreeing with the United States that a party without standing has no right to receive direct notice).

date to file his claim.[2]  Counsel for the United States advised that if Sandip Mann were to file a claim at that point in time, it would not be late because the time for filing claims had not expired. Counsel for the United States does not recall any further discussions with counsel for Sandip Mann since their discussion over a year ago.  The first notice the United States received claiming that Sandip Mann was deceived was Randeep Mann's motion for reconsideration.

4.     Even if counsel for Sandip Mann believed he was misled into not filing a claim; the yearlong delay between his last conversation with the United States Attorney's Office and the present request by Randeep Mann to join him as a party is still unreasonable.  Sandip Mann knew of this lawsuit and, therefore, had access to the public court filings.  A review of those filings would indicate that litigation has begun.  Over a year has passed since counsel for Sandip Mann called the U.S. Attorney's Office, asking to file a claim, and Sandip Mann has yet to file his claim or appear and request that the Court excuse his delay.  To date, Sandip Mann has only spoken through Randeep Mann, and nothing in Randeep Mann's filings indicates what event triggered this attempt to join Sandip Mann at this late stage.  If Sandip Mann wants to join this action, Sandip Mann bears the burden of filing a claim and explaining why his procedural default should be excused.  He has not done so.  If Sandip Mann was truly vigilant about his rights, he would have taken some action before now to pursue a claim; his failure to do so is unreasonable.

5.     Randeep Mann's motion to join Sandip Mann as a party was properly denied; nothing in his motion for reconsideration merits a reversal of the Court's initial decision.  The United States, therefore, asks that Randeep Mann's motion to reconsider be denied and that the original ruling be allowed to stand.

---

[2] Counsel for the United States makes this assertion to the best of his recollection and after considering the other events that transpired around the same time.  At the time counsel for Sandip Mann called, other parties had already filed claims; there would be no need for any additional parties to delay entering their appearances.

CHRISTOPHER R. THYER
UNITED STATES ATTORNEY

By: */s/ Cameron C. McCree*
    CAMERON C. McCREE (2007148)
    MICHAEL GORDON (00795383)
    Assistant U. S. Attorneys
    P. O. Box 1229
    Little Rock, Arkansas 72203
    (501)340-2600
    Cameron.McCree@usdoj.gov
    Michael.Gordon@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on November 9, 2015, I electronically filed this response with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to all counsel of record.

    */s/ Cameron C. McCree*
    CAMERON C. McCREE