IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
|     *Plaintiff,* ) | |
| ) | |
| v. ) | No. 4:14-CV-00423-BSM |
| ) | |
| ONE ASSORTMENT OF 93 ) | |
|     NFA-REGULATED WEAPONS, ) | |
| ) | |
|     *Defendant.* ) | |

**REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER DENYING
VERIFIED MOTION OF MARCH 12, 2015,
<u>FOR LEAVE TO PROCEED WITH DISCOVERY</u>**

    Randeep Singh Mann, M.D., replies to the plaintiff's response to Dr. Mann's motion for reconsideration of the Court's Order (Doc. No. 21) denying his motion to join Captain Sandip S. Mann as a party to this action (Doc. No. 20), first, by pointing out that on September 9, 2015, this Court issued an Order setting a deadline of October 19, 2015, for motions for leave to join parties. Doc. No. 17. This Order was directed to Dr. Mann in common with the other parties. Dr. Mann was aware of his just debts to Cptn. Sandip S. Mann, and of the lawful judgment in favor of Captain Mann for the amount of those debts. Dr. Mann took the Court's Order seriously. Apparently the plaintiff does not.

    Second, when he was pro se in this action, Dr. Mann did not purport to represent Captain Mann, and after the entry of appearance of Dr. Mann's counsel from the section 2255 action, his counsel has not represented Captain Mann. Captain Mann has separate counsel, Matt Campbell, Esq.

Both the plaintiff and the Court have relied on an arcane set of rules and procedures for joining parties to this action. Counsel for the plaintiff admits that Mr. Campbell contacted him about the date on which Captain Mann's initial filings would be due. Mr. Campbell came away from the conversation with the impression that because Captain Mann was a foreign national, some special provision of the rules applied to him, and that the plaintiff's counsel, Mr. McCree, would apprise him when the window to file on behalf of Captain Mann opened.

At one and the same time, counsel for the plaintiff expects the reader to believe that *either* that did not occur, but his advice was otherwise or lacked the final component on which Mr. Campbell relied to Captain Mann's detriment, *or* that Mr. Campbell was negligent in taking the plaintiff's counsel's word in the matter. It is reminiscent of a line in the Oak Ridge Boys' song "Let Me Be the One" in which a boy-slut sings about the women he has had:

> Many's the time someone lay close beside me
> And I don't remember her name.
> * * *
> Now all of the others were places to go to
> when I had nowhere to sleep.
> **Well I never made any promises to them**
> **None they'd expect me to keep.**

(Emphasis added.) This is the low bar that someone calling himself by the name of a Permanent Member of the UN Security Council has set for the way that entity treats attorneys for private individuals, whether citizens of this country or—like Captain Mann—of another large democracy.

Because Mr. Campbell had indicated to Mr. McCree that he, Matt Campbell, represented Captain Mann in the matter, there was no excuse for proceeding with a

fictive broadcast filing over the Internet on some fertile-octogenarian pretense it would give the client (whom people calling themselves "the United States" knew was *represented* by a warm body and *attorney* across town) notice that *his* time to file had begun to run.  From the admitted contact from Mr. Campbell, Mr. McCree *knew* whom to serve if the plaintiff elected to proceed in good faith.  That other attorneys would have counted their change—and checked to see if both of their socks were still on—before getting off the phone or leaving the U.S. Attorney's Office is not the acid test of whether Mr. Campbell exercised reasonable diligence under the circumstances for the purposes of excusing what the Court has found to be a late filing.  Was it unreasonable for counsel for Captain Mann to assume "the United States" would proceed in good faith in this matter?  Has it sunk that low in order to sell or destroy all or part of a bunch of old guns?

As to the claim of Captain Mann to some part of the value of the res, therefore, the law and the facts support the pending motion to reconsider because "improper actions of counsel[] have affected the outcome of the case." *Dale and Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F.Supp. 1346, 1347-48 (D. Minn. 1993), *quoting Adams v. James*, 526 F.Supp. 80, 86 (M.D.Ala. 1981), quoting in turn *Davis v. Mathews,* 450 F.Supp. 308, 318 (E.D.Cal. 1978).  *See also* 11 C. WRIGHT, A. MILLER & M. KANE, FED. PRAC. & PROC. § 2810.1 at 162 & n.19 (2012).

WHEREFORE, Dr. Mann renews his prayer that the Court reconsider Doc. No. 21, either granting the motion for leave to join Captain Mann as a party (Doc. No. 20) or vacating the portion of Doc. No. 17 that would preclude him from joining the action if the plaintiff's counsel was correct that under Fed. R. Civ. P., Supp. R. G(1) he could not do so earlier; and that it grant such other and further relief as law (including principles of legal ethics recognized by court rule as authoritatively construed) and justice indicate.

Respectfully submitted,

s/John William Simon
JOHN WILLIAM SIMON
Constitutional Advocacy, LLC
7201 Delmar Blvd., Suite 201
St. Louis, Missouri 63130-4106

(314) 604-6982
Fax (314) 754-9083
*simonjw1@yahoo.com*

*Attorney for Dr. Mann*

## Certificate of Service

I hereby certify on this twelfth day of November 2015, a true and correct copy of the foregoing was tendered for e-filing and consequent service on all counsel of record.

s/John William Simon
Attorney for Dr. Mann