# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2060

_____

United States of America

*Plaintiff - Appellee*

Trent Pierce

*Intervenor*

v.

One Assortment of 93 NFA Regulated Weapons

*Defendant*

Sangeeta Mann

*Claimant - Appellant*

Randeep Mann; Sandip Mann

*Claimant*s

_____

No. 17-2489

_____

United States of America

*Plaintiff - Appellee*

v.

4:14-cv-00423-BSM
4:14-cv-00134-BSM
4:14-cv-00423-BSM

One Interord Corporation, Model USAS-12, 12 Gauge Shotgun, Serial Number A0002089SA

*Defendant*

Sangeeta Mann

*Claimant*

Randeep Mann

*Claimant - Appellant*

Trent Pierce; Sandip Mann

*Claimant*s

_____

No. 17-2490

_____

United States of America

*Plaintiff - Appellee*

Trent Pierce

*Intervenor*

v.

One Assortment of 93 NFA Regulated Weapons

*Defendant*

Randeep Mann

-2-

*Claimant - Appellant*

Sandip Mann

*Claimant*

————————

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: March 13, 2018
Filed: July 27, 2018

————————

Before WOLLMAN, SHEPHERD, and ERICKSON, Circuit Judges.

————————

SHEPHERD, Circuit Judge.

Following Dr. Randeep Mann's federal conviction in the bombing of Dr. Trent Pierce, the United States filed two civil forfeiture actions against weapons seized from Dr. Mann during the criminal investigation. In the first action, the district court[1] ordered forfeiture of an unregistered 12 gauge shotgun ("shotgun") to the United States.[2] In the second, the district court denied forfeiture of 93 National Firearms Act regulated weapons ("93 weapons"), but ordered the 93 weapons to be sold at auction

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

[2]<u>United States v. One Interord Corp. Model USAS-12, 12 Gauge Shotgun</u>, No. 4:14CV00134 (BSM), 2017 WL 988128, at *3 (E.D. Ark. Mar. 14, 2017).

-3-

and the proceeds to be paid to Dr. Pierce.[3]  Dr. Mann appeals the first order granting forfeiture, and both he and his wife, Sangeeta Mann, appeal the second order disposing of the 93 weapons.  We affirm.

## I. Background

On February 4, 2009, Dr. Pierce, the then-chairman of the Arkansas State Medical Board ("Board"), was severely and permanently injured by a bomb consisting of a grenade concealed in a spare tire which was placed against his vehicle outside his West Memphis, Arkansas home.  Law enforcement identified Dr. Mann as a potential suspect, as he was one of five doctors who had been disciplined by the Board within the previous five years.  By chance, on March 3, 2009, city workers discovered 98 grenades buried in a wooded area near the Russellville, Arkansas home Dr. Mann shared with his wife.

Law enforcement officers executed a search warrant on the Mann residence where they discovered numerous weapons, including the shotgun and 93 National Firearms Act regulated weapons, consisting of 76 machine guns, 10 silencers, 5 auto sears, and 2 receivers.  After determining several weapons—including the shotgun—were not properly registered as required by law, officers seized the unregistered firearms and arrested Dr. Mann.  Following his arrest, the 93 weapons, which were titled and registered in the name of Dr. Mann or his solely owned company, remained at the Mann residence.  Because only a Class III federal firearms licensee can lawfully possess these weapons, the United States advised Mrs. Mann she might be in unlawful possession.  The United States later obtained a warrant and seized the 93 weapons as evidence in Dr. Mann's criminal case.

---

[3]United States v. One Assortment of 93 NFA-regulated Weapons, No. 4:14CV00423 (BSM), 2017 WL 4570802, at *5 (E.D. Ark. Mar. 14, 2017).

A jury convicted Dr. Mann on seven charges: two involving the bombing, three involving the illegal possession of weapons, and two involving obstruction of justice. The jury did not, however, convict Dr. Mann for illegal possession of the shotgun. The district court sentenced Dr. Mann to life imprisonment.  In a separate criminal proceeding, Mrs. Mann was also convicted on charges of obstructing justice in Dr. Mann's criminal case.

Dr. Mann appealed his conviction and sentence, which this Court mostly affirmed.  See United States v. Mann, 701 F.3d 274, 311 (8th Cir. 2012).[4]  He then sought post-conviction relief under 28 U.S.C. § 2255.  The district court denied his claims, which included arguments that the United States perpetrated fraud on the court by planting evidence and fabricating a story to obtain a search warrant for his residence.  Mann v. United States, No. 4:09CR00099 (BSM), 2016 WL 4500779, at *4 (E.D. Ark. Aug. 26, 2016).  The district court found these arguments were procedurally defaulted because they were not presented on direct appeal and Dr. Mann could not show prejudice or actual innocence.  Id.  Dr. Mann appealed, but this Court declined to issue a certificate of appealability.

In a separate Arkansas civil action, Dr. Pierce obtained a judgment of $122,500,000 against Dr. Mann for the injuries he sustained in the bombing.  The judgment was registered in Pulaski County, Arkansas, and a writ of execution was issued directing the Pulaski County Sheriff to seize the 93 weapons.  The writ was served on the United States, but was returned non est.

Following Dr. Mann's criminal convictions, the government filed two civil forfeiture actions: one against the shotgun and one against the 93 weapons.  During

---

[4]This Court found Count 6 (possession of a machine gun in violation of 18 U.S.C. § 922(o)) was a lesser included offense of Count 5 (possession of an unregistered machine gun in violation of 26 U.S.C. § 5861(d)) and so remanded the two convictions with instructions to the district court to vacate one of them.  Id.

-5-

discovery in both, Dr. Mann attempted to prove the United States perpetrated fraud on the court in his underlying criminal case. In response, the United States obtained a protective order in each forfeiture action, which quashed all discovery targeted at developing Dr. Mann's fraud on the court argument rather than exploring the facts of possession for purposes of forfeiture.

In a bench trial based on stipulated facts, the district court ordered forfeiture of the shotgun to the United States. The court found there was no proof of Dr. Mann's claim that a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") officer told him he could possess the shotgun without registering it. Dr. Mann appeals the forfeiture order.

In a separate bench trial, the district court denied forfeiture of the 93 weapons. However, because Dr. Mann could not lawfully possess the weapons as a convicted felon, the court ordered the weapons sold at auction. The court found Dr. Mann was not entitled to the proceeds of the sale due to Dr. Pierce's Arkansas civil judgment against him. The court found Mrs. Mann lacked the requisite ownership interest to establish standing to claim 50 percent of the proceeds of the sale. Thus, the district court ordered 100 percent of the proceeds from the sale of the weapons to be paid to Dr. Pierce in partial satisfaction of his civil judgment against Dr. Mann. Dr. and Mrs. Mann both appeal.

## II. Discussion

Dr. Mann first alleges the United States perpetrated fraud on the court in his underlying criminal case. Had this fraud not occurred, he insists, the shotgun and 93 weapons would not have been seized and would therefore not be subject to forfeiture. Dr. Mann also alleges the district court erred in both forfeiture actions by limiting the discovery necessary to prove this fraud. Dr. Mann next challenges the district court's order granting forfeiture of the shotgun, claiming civil forfeiture is barred by his

-6-

acquittal on the charge of illegally possessing the shotgun.  Finally, Dr. and Mrs. Mann both attack the district court's order granting Dr. Pierce 100 percent of the proceeds from the sale of the 93 weapons.  We consider each challenge in turn.

### A.

This is the second time Dr. Mann has implored this Court to find the United States committed fraud in procuring his criminal convictions.  We once again decline to do so.

In both forfeiture actions, Dr. Mann sought discovery to prove the United States committed fraud on the court: specifically, that the United States planted the grenades found near his home and fabricated a story about finding them in order to obtain a search warrant for his residence.  It was this fraud, Dr. Mann claims, that led to the seizure of the shotgun and 93 weapons.  The district court disagreed and issued a protective order in each forfeiture action that limited discovery to the issue of forfeiture.  On appeal, Dr. Mann argues that the United States committed fraud and the district court erred in limiting discovery.

We first consider Dr. Mann's allegations of fraud, reviewing the district court's factual findings for clear error.  See United States v. Hull, 606 F.3d 524, 526-27 (8th Cir. 2010).  The district court rejected Dr. Mann's fraud on the court argument, finding he presented "no credible evidence or court rulings" to substantiate his claims.  In fact, Dr. Mann raised the same fraud on the court argument—to no avail—in his § 2255 action.  There too, the district court rejected his claims, and this Court denied a certificate of appealability.  Because this Court has already considered and denied these claims and Dr. Mann presents no persuasive new evidence here, we find the district court did not clearly err in concluding there was no fraud that would affect the two civil forfeiture actions.

We turn then to the limitations the district court placed on discovery. "A district court has very wide discretion in handling pretrial discovery and this Court is most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." Hill v. Sw. Energy Co., 858 F.3d 481, 484 (8th Cir. 2017) (internal quotation marks omitted).

The Federal Rules of Civil Procedure limit discovery to that which "is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining the proper scope of discovery, a court should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

In the forfeiture action against the shotgun, the district court found Dr. Mann's requested discovery—which was intended to prove fraud in his underlying criminal case—"detract[ed] from the singular issue at hand": whether the shotgun was subject to forfeiture because Dr. Mann possessed it illegally. Indeed, because the forfeiture action involved this single limited question as to the shotgun, Dr. Mann's discovery requests were not "proportional to the needs of the case." Id. Moreover, because Dr. Mann has already attempted—and failed—to prove this fraud on multiple occasions, additional discovery would constitute nothing more than a fishing expedition. See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (holding Rule 26(b) does not "allow fishing expeditions in discovery"). We thus conclude the district court did not abuse its discretion in limiting discovery in that action.

We do not consider the limitations on discovery in the forfeiture action involving the 93 weapons. The district court denied forfeiture of the 93 weapons, and the United States did not appeal. Thus, Dr. Mann—as the prevailing party—cannot

-8-

now attack the discovery in that action.  Cf. Morley Const. Co. v. Md. Cas. Co., 300 U.S. 185, 191 (1937) (finding that without a cross appeal, an appellee may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below" (internal quotation marks omitted)).

We therefore decline to overturn either order based on Dr. Mann's allegations of fraud and improper limitations on discovery.

## B.

Dr. Mann next challenges the district court's order granting forfeiture of the shotgun.  "On appeal of a forfeiture order, we review the district court's factual findings for clear error.  Whether those facts establish that forfeiture is proper is a mixed question of law and fact that we review de novo."  Hull, 606 F.3d at 526-27.

For the shotgun to be subject to civil forfeiture, the government must first "establish probable cause" that the shotgun was possessed unlawfully.  See United States v. One 1982 Chevrolet Corvette Two-Door Auto., 976 F.2d 392, 392 (8th Cir. 1992).  "[T]he burden [then] shifts to [Dr. Mann] to demonstrate by a preponderance of the evidence that the [shotgun] is not subject to forfeiture."  Id. (internal quotation marks omitted).

Dr. Mann did not register the shotgun when he purchased it because, at that time, the National Firearms Act did not require him to do so.  However, in March 1994, the ATF issued a ruling that held this type of shotgun is not "particularly suitable for sporting purposes" because its "weight, size, bulk, designed magazine capacity, configuration, and other factors indicate that [it] is a semiautomatic version of a military-type assault shotgun."  ATF Rul. 94-1, 1994-1 A.T.F.Q.B. 19 (1994).

-9-

Accordingly, the ATF held the shotgun qualifies as a "destructive device" under the National Firearms Act pursuant to 26 U.S.C. § 5845(f)(2).  Id.  Unregistered possession of the shotgun is therefore unlawful.  26 U.S.C. § 5861(d).

It is uncontested that Dr. Mann possessed the shotgun without registering it, so there is no doubt that the shotgun was unlawfully possessed.  See id.  Dr. Mann argues, however, that he failed to register the shotgun based on the advice of an unidentified ATF agent.  Thus, he claims, the shotgun is not subject to forfeiture because he has an affirmative defense: estoppel by entrapment.  See United States v. Ray, 411 F.3d 900, 903 (8th Cir. 2005) ("In order to present a defense of estoppel by entrapment, [the defendant] would have to show that the government assured him that certain conduct was legal and that he initiated or continued that conduct because he reasonably relied on the government's statement.").

At his criminal trial, Dr. Mann raised this same defense.  The jury later acquitted him of illegal possession of the shotgun.  In the civil forfeiture action, however, the district court rejected Dr. Mann's defense.  Dr. Mann argues on appeal that the district court was collaterally estopped from reaching a different conclusion on his estoppel by entrapment defense than the jury because the defense required the same burden of proof in both his criminal trial and the civil forfeiture action: a preponderance of the evidence.  Thus, he claims, his acquittal in the criminal case bars civil forfeiture.

In this forfeiture action, the district court found the jury's verdict carried "little weight" because the standard of proof in the criminal trial was beyond a reasonable doubt, while the standard in the civil forfeiture proceeding is a preponderance of the evidence.  Moreover, the court found Dr. Mann's collateral estoppel argument unpersuasive because although the jury was instructed it could acquit Dr. Mann based on his affirmative defense, there were multiple theories upon which the jury could acquit, and the jury did not provide a specific reason for acquittal.

-10-

Indeed, it is well settled that collateral estoppel does not bar a "civil, remedial forfeiture proceeding initiated following an acquittal on related criminal charges." See United States v. One Assortment of 89 Firearms, 465 U.S. 354, 361-62 (1984) (holding acquittal on a gun charge did not bar subsequent forfeiture of the gun). That is because "the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel." One Lot Emerald Cut Stones v. United States, 409 U.S. 232, 235 (1972). "The acquittal of the criminal charges may have only represented an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused." Id. (internal quotation marks omitted). "[I]t does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings." Id.

As the district court noted, the jury did not provide a specific reason for acquittal. Thus, we do not know that the jury acquitted Dr. Mann based on his affirmative defense. We know only that the jury did not find Dr. Mann guilty beyond all reasonable doubt as to the illegal possession charge. And moreover, the Supreme Court has instructed that "[w]e need not be concerned whether the jury decided to acquit [Dr. Mann] because he was entrapped . . . or whether the jurors were not convinced of his guilt beyond a reasonable doubt for other reasons." One Assortment of 89 Firearms, 465 U.S. at 361-62. "In either case, the jury verdict in the criminal action [does] not negate the possibility" of Dr. Mann's guilt under the preponderance of the evidence standard here. Id. at 362. Dr. Mann's acquittal in his criminal trial, therefore, does not bar the district court from rejecting his affirmative defense and ordering forfeiture of the shotgun in this civil proceeding.

We thus conclude the district court did not err in granting forfeiture of the shotgun.

-11-

C.

Finally, Dr. and Mrs. Mann both challenge the district court's distribution of the proceeds from the sale of the 93 weapons.[5]  After denying forfeiture, the district court set about the task of disposing of the weapons, which remained in the possession of the United States.  Having found the United States was not entitled to the weapons, the court could not simply return them to Dr. Mann because, as a convicted felon, he was prohibited from possessing such weapons under 18 U.S.C. § 922(g).  Moreover, Dr. Mann is currently serving a life sentence in federal prison. Thus, the district court ordered the weapons to be sold at auction.  Neither Dr. nor Mrs. Mann challenge the court's order directing the sale of the weapons.  They do, however, challenge the court's decision to distribute 100 percent of the proceeds of that sale to Dr. Pierce in partial satisfaction of his multimillion-dollar Arkansas judgment against Dr. Mann for injuries sustained in the bombing.  Dr. Mann claims the district court erred in relying on that state court judgment, which precluded him from receiving the proceeds.  Mrs. Mann seeks 50 percent of the proceeds, claiming the district court erred in finding she lacked the requisite ownership interest to establish standing.  Having considered all asserted interests, we affirm the district court's distribution of the proceeds from the sale of the 93 weapons.

We must first satisfy ourselves that the district court had jurisdiction to dispose of the 93 weapons.  The district court clearly had subject matter jurisdiction over the forfeiture action.  28 U.S.C. §§ 1345, 1355.  After denying forfeiture, the district court had "equitable authority . . . to order [the] law enforcement agency to turn over [the] property it ha[d] obtained during the [criminal] case to the rightful owner or his designee."  Henderson v. United States, 135 S. Ct. 1780, 1784 (2015).  Because Dr.

---

[5]Dr. and Mrs. Mann also raise arguments concerning the court's denial of forfeiture.  But, we do not consider whether forfeiture was properly denied as the United States did not appeal the order.  See Morley Const. Co., 300 U.S. at 191.

-12-

Mann—the rightful owner—could not lawfully possess the weapons as a convicted felon, 18 U.S.C. § 922(g), the district court had equitable power to grant Dr. Mann's request that the weapons be transferred to a third party for sale.  Resp. to Mot. to Authorize Forfeiture at 6; see Henderson, 135 S. Ct. at 1786-87 (finding federal court has "equitable power to accommodate the felon's request" that guns seized during a criminal investigation be transferred "to a firearms dealer . . . for subsequent sale"). Further, because Dr. Mann requested the proceeds from the sale be used to pay his outstanding debts, Resp. to Mot. to Authorize Forfeiture at 6, and Dr. Pierce was the only claimant asserting an interest in the weapons based on an outstanding debt, the district court had equitable power to order the proceeds be given to Dr. Pierce, cf. Henderson, 135 S. Ct. at 1786-87.

We turn, then, to the issues on appeal.  Mrs. Mann argues the district court erred in granting her interest in the proceeds to Dr. Pierce.  She asserts a 50 percent interest in the weapons based on her claim that the weapons were purchased with marital funds.  The district court rejected Mrs. Mann's asserted interest in the weapons in reaching its conclusion that she lacked standing to contest forfeiture. Because the issue of forfeiture is not before us on appeal, we do not review the court's determination on standing.  We consider only whether Mrs. Mann has an ownership interest in the weapons that would entitle her to any proceeds of their sale. See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) ("We may affirm the district court's judgment on any ground supported by the record.").

Arkansas law defines marital property as "all property acquired by either spouse subsequent to the marriage."  Ark. Code Ann. § 9-12-315(b).  Such property generally must be divided equally between spouses upon divorce. § 9-12-315(a)(1)(A).  But Arkansas law is clear that "the law regarding marital property does not apply in situations other than divorce."  Cloud v. Brandt, 259 S.W.3d 439, 443 (Ark. 2007); Ellis v. Ellis, 868 S.W.2d 83, 84 (Ark. 1994) ("Nothing in [§ 9-12-315] suggests the legislature intended this provision to have any effect

-13-

except with respect to divorce."). Thus, Mrs. Mann cannot rely on the law of Arkansas marital property to establish an ownership interest in the 93 weapons.

Mrs. Mann raises no other relevant claim of ownership interest in the weapons, which were titled and registered in the name of her husband or his solely owned company and were possessed by the United States. We therefore conclude Mrs. Mann has no ownership interest in the weapons and thus is not entitled to any proceeds from their sale.

Dr. Mann likewise argues the district court erred in granting his interest in the proceeds to Dr. Pierce. In doing so, the district court relied on Dr. Pierce's Arkansas civil judgment against Dr. Mann. Dr. Mann attacks the state court judgment, claiming the Arkansas Supreme Court improperly applied offensive collateral estoppel, relying on his criminal conviction without allowing him the discovery necessary to develop his fraud on the court argument.

The Arkansas civil judgment was affirmed by the Arkansas Supreme Court and is final. Mann v. Pierce, 505 S.W.3d 150, 155 (Ark. 2016). "[T]he United States District Court is without authority to review final determinations of the [Arkansas Supreme Court] in judicial proceedings. Review of such determinations can be obtained only in [the United States Supreme] Court." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Moreover, "[t]he Full Faith and Credit Act, 28 U.S.C. § 1738 . . . requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (internal quotation marks omitted); Mills v. Duryee, 11 U.S. 481, 484 (1813) (finding a state court judgment is conclusive evidence of a debt). Thus, the district court did not err in relying on the Arkansas civil judgment in granting Dr. Mann's interest in the proceeds to Dr. Pierce.

-14-

We therefore conclude the district court did not err in ordering the proceeds from the sale of the weapons to be given to Dr. Pierce.

## III. Conclusion

For these reasons, we affirm the district court's order granting forfeiture of the shotgun, as well as the district court's disposition of the 93 weapons.

_____

-15-

**United States Court of Appeals**
*For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

Michael E. Gans
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

July 27, 2018

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

      RE: 17-2060  United States of America v. Sangeeta Mann
          17-2489  United States v. Randeep Mann
          17-2490  United States v. Randeep Mann

Dear Sirs:

      A published opinion was filed today in the above case.

      Counsel who presented argument on behalf of appellant Sangeeta Mann was Jeffrey M. Rosenzweig, of Little Rock, AR.

      Counsel who presented argument on behalf of appellant Randeep Mann was John William Simon, of St. Louis, MO.

      Counsel who presented argument on behalf of the intervenor was Robert M. Cearley, Jr., of Little Rock, AR.  The following attorney appeared on the intervenor brief;  Brian Gene Brooks, of Greenbrier, AR.;

      Counsel who presented argument on behalf of the appellee was Cameron C. McCree, AUSA, of Little Rock, AR.

      The judge who heard the case in the district court was Honorable Brian S. Miller. The judgment of the district court was entered on March 14, 2017.

      If you have any questions concerning this case, please call this office.

                    Michael E. Gans
                    Clerk of Court

MDS

Enclosure(s)

cc:  MO Lawyers Weekly

District Court/Agency Case Number(s):   4:14-cv-00423-BSM
                                        4:14-cv-00134-BSM
                                        4:14-cv-00423-BSM

# United States Court of Appeals
### *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

**VOICE (314) 244-2400**
**FAX (314) 244-2780**
**www.ca8.uscourts.gov**

July 27, 2018

Mr. Jeffrey M. Rosenzweig
Suite 310
300 Spring Building
Little Rock, AR  72201-2421

RE:  17-2060  United States of America v. Sangeeta Mann

Dear Counsel:

The court today issued an opinion in this case. Judgment in accordance with the opinion was also entered today. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 45 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant, for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 45 day period for filing permitted by FRAP 40 may be denied as untimely.

Michael E. Gans
Clerk of Court

MDS

Enclosure(s)

cc:   Mr. Brian Gene Brooks
      Mr. Robert M. Cearley Jr.
      Mr. Michael S. Gordon
      Mr. Jim McCormack
      Mr. Cameron C. McCree
      Mr. John William Simon

District Court/Agency Case Number(s):   4:14-cv-00423-BSM

 **Re-send: 17-2060 United States of America v. Sangeeta Mann "Signed Opinion Filed" (4:14-cv-00423-BSM)**
ca08ml_cmecf_Notify    to:                                07/27/2018 09:12 AM

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**Eighth Circuit Court of Appeals**

**Amended 07/27/2018 09:11:42: Notice of Docket Activity**

The following transaction was filed on 07/27/2018

| | |
|---|---|
| **Case Name:** | United States of America v. Sangeeta Mann |
| **Case Number:** | 17-2060 |
| **Document(s):** | Document(s) |

**Docket Text:**
OPINION FILED - THE COURT: Roger L. Wollman, Bobby E. Shepherd and Ralph R. Erickson
AUTHORING JUDGE:Bobby E. Shepherd (PUBLISHED) [4687008] [17-2060, 17-2489, 17-2490] (Michael Shay)

**Notice will be electronically mailed to:**

Mr. Brian Gene Brooks: bgbrooks1@me.com, bgblawfirm@sbcglobal.net
Mr. Robert M. Cearley, Jr.: bob@cearleylawfirm.com, aweems@cearleylawfirm.com
Mr. Michael S. Gordon, Assistant U.S. Attorney: michael.gordon@usdoj.gov, Christy.Easley@usdoj.gov, CaseView.ECF@usdoj.gov
Mr. Jim McCormack, Clerk of Court: ared_appeals@ared.uscourts.gov
Mr. Cameron C. McCree, Assistant U.S. Attorney: cameron.mccree@usdoj.gov, Francesca.Grant@usdoj.gov, CaseView.ECF@usdoj.gov
Mr. Jeffrey M. Rosenzweig: jrosenzweig@att.net, leejoshr@gmail.com, smwbraden@gmail.com
Mr. John William Simon: simonjw1@yahoo.com


The following document(s) are associated with this transaction:
**Document Description:** opinion filed
**Original Filename:** 172060P.pdf
**Electronic Document Stamp:**

[STAMP acecfStamp_ID=1105112566 [Date=07/27/2018] [FileNumber=4687008-0]
[b2cc8baf81a7d16ffdaa4ab3b4ba6b170c991b04081d27fa36bc9561dde7912058de367eff6dba1e7
985f00a1553f68159d2a1cab8ebfa02416cf27df243c947]]

**Document Description:** Letter To Publishing
**Original Filename:**
/opt/ACECF/live/forms/MichaelShay_172060_4687008_LettersToPublishing_284.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/27/2018] [FileNumber=4687008-1]
[a7fefb677c256492cc343e29d7c88894aea61644e1cc09c2fa43d54c1a52a7ebf2dd6a86b2f437a7d
d22962fe654cc0fb4047dbe2f87c5834665b0bdb31eecfa]]

**Document Description:** Counsel Opinion Letter
**Original Filename:**
/opt/ACECF/live/forms/MichaelShay_172060_4687008_CounselOpinionLetters_285.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105112566 [Date=07/27/2018] [FileNumber=4687008-4]
[7b7ab0d413eb432e153b03f6c0c9924cda2ad04793d644591bf5f01532116ec2d20325d107234bb
455c9817cd17f8143c20babf6b89407ae6364f1520ff71c8d]]
**Recipients:**
- Mr. Brian Gene Brooks
- Mr. Robert M. Cearley, Jr.
- Mr. Michael S. Gordon, Assistant U.S. Attorney
- Mr. Jim McCormack, Clerk of Court
- Mr. Cameron C. McCree, Assistant U.S. Attorney
- Mr. Jeffrey M. Rosenzweig
- Mr. John William Simon

The following information is for the use of court personnel:


**DOCKET ENTRY ID:** 4687008
**RELIEF(S) DOCKETED:**
  for publication
**DOCKET PART(S) ADDED:** 6095878, 6095883, 6095881, 6095882, 6095884